# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE L. YOUNG, | Case No. 2:22-cv-02231-TLN-JDP (PC) |
| Plaintiff, | ORDER |
| v. | |
| ROBERT BURTON, *et al.*, | |
| Defendants. | |

Plaintiff brings this section 1983 case against defendants alleging various violations of his constitutional rights.  His allegations that defendants Hendricks and Ho violated his Eighth Amendment rights by exposing him to a dangerous inmate and then using excessive force against him after he was attacked are viable.  ECF No. 1 at 9.  His other claims are, for the reasons stated below, not suitable to proceed.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

As noted above, plaintiff alleges that defendants Hendricks and Ho failed to prevent another inmate from assaulting him. ECF No. 1 at 9. Afterwards, they used excessive force against plaintiff while responding to the assault. *Id.* These claims are viable.

Plaintiff's claims against defendants Singh and Howard are too vague to proceed. He alleges that both violated his rights by "strongly suggesting" that he sign a "compatibility chrono." *Id.* Plaintiff does not allege how this violated his rights, whether he signed the chrono, or what effect, if any, the chrono had.

Plaintiff's claim against defendant Ewing is also insufficient. He alleges that this defendant violated his rights by refusing to file and process his administrative grievances. *Id.* at 10. However, "inmates lack a separate constitutional entitlement to a specified prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Finally, I cannot tell how, if at all, Warden Burton is alleged to have violated plaintiff's rights. He is named as a defendant to this action, but receives no mention within the body of the complaint. If plaintiff wishes to proceed against Burton, he must explain how this defendant personally violated his rights.

Plaintiff may either proceed only with his claims against defendants Hendricks and Ho, or he may file an amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either indicate his desire to proceed only with the claims identified above as cognizable or he must submit an

amended complaint. If he fails to do either, I may recommend that this action be dismissed for failure to prosecute.

    2. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   July 29, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE