UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE L. YOUNG,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT BURTON, et al.,<br><br>    Defendants. | No. 2:22-cv-02231-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on *pro se* Plaintiff Eddie L. Young's ("Plaintiff") Motion for Relief from Final Judgment. (ECF No. 40.) No opposition has been filed. For the reasons set forth below, the Court DENIES Plaintiff's motion.

A detailed recitation of the factual and procedural history is not necessary for disposition of Plaintiff's motion. In short, Plaintiff commenced this civil rights action seeking relief under 42 U.S.C. § 1983. (ECF No. 1.) Most recently, on October 18, 2024, the magistrate judge granted Defendants' motion to file two successive dispositive motions — the first was a failure to exhaust motion by November 1, 2024, and, if necessary, the second was a merits-based motion for summary judgment 120 days after the magistrate judge ruled on the failure to exhaust motion. (ECF No. 37.) On November 26, 2024, the parties filed a stipulation for voluntary dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(ii), agreeing to dismiss all

1

1  Defendants and all claims in this action with prejudice, with each party to bear its own costs and
2  fees.  (ECF No. 38)  In light of this stipulation, the Clerk of the Court dismissed the action with
3  prejudice and closed the case that same day.  (ECF No. 39.)

4  On May 23, 2025, Plaintiff filed the instant motion for relief from judgment.  (ECF No.
5  40.)  Plaintiff seeks relief under Rule 60(b), contending there was a "discrepancy" attached to the
6  stipulation, which was "a recently discovered matter of concern which might constitute
7  misconduct[.]"  (*Id.* at 2.)

8  On motion and just terms, a district court may relieve a party from a final judgment for the
9  following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In the instant case, Plaintiff argues "[r]eopening the voluntary dismissed suit by reason of breach of the agreement and payment of $2,500.00 in this case" would fulfill Rule 60(b)(3)'s goals.  (*Id.* at 3.)  However, Plaintiff's argument is conclusory and fails to articulate what the aforementioned "discrepancy" or "misconduct" was in the execution of the stipulation for voluntary dismissal.  (*Id.*)  Plaintiff cites to two cases, *Federated Towing & Recovery, LLC v. Praetorian Ins. Co.*, 283 F.R.D. 644, 659–70 (D.N.M. 2012) and *Texas v. Thirteen Pallets of Indus. Oilfield Hoses and Five Pallets of Blowout Preventers*, 519 F. Supp. 3d 409, 413 (S.D. Tex. 2021), but fails to provide any substantive argument on how these cases apply to the instant matter.  (*Id.*)  Plaintiff further fails to proffer any facts that give rise to any indication that relief is

1  warranted under Rule 60(b).
2       For the foregoing reasons, Plaintiff's motion for relief from judgment is DENIED.  (ECF
3  No. 40.)
4       IT IS SO ORDERED.
5  Date: June 23, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE